IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                                                                                                                        Criminal Action No. 3:20cr45-3

**KEAUNTRY VAUGHN,**

Petitioner.

## MEMORANDUM OPINION

Keauntry Vaughn, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion"). (ECF Nos. 127, 129.) Mr. Vaughn demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Mr. Vaughn was denied the effective assistance of counsel when his counsel: |
| | (a) "William Dinkin did not object to the use of Mr. Vaughn's instant offense pursuant to 21 U.S.C. § 846 conspiracy to qualify as a controlled substance offense to designate him as a career offender." (ECF No. 129, at 4.) |
| | (b) "Also, William Dinkin did not object to the malicious wounding prior used to" designate Mr. Vaughn as a career offender. (ECF No. 129, at 4.) |
| Claim Two | "William Dinkin was ineffective for failing to assert that Mr. Vaughn's prior Virginia felony drug convictions could not serve as predicate offenses for apply the career offender enhancement. The definition of 'controlled substance offense' is Virginia Code § 18.2-248 is broader than the generic definition under the Federal Sentencing Guidelines." (ECF No. 129-2, at 22.) |

As explained below, because Mr. Vaughn was properly classified as a career offender, his claims lack merit and will be DISMISSED.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Mr. Vaughn's submissions.

## I. Pertinent Factual and Procedural History

On March 25, 2021, Mr. Vaughn pled guilty to Counts One and Two of the Second Superseding Indictment. (ECF No. 100 ¶ 1.) Count One charged Mr. Vaughn with conspiracy to possess with intent to distribute and distribution of a mixture and substance containing detectable amounts of heroin. (ECF No. 77, at 1.) Count Two charged Mr. Vaughn with distribution of a mixture and substance containing detectable amounts of heroin. (ECF No. 77, at 2.) As part of the Plea Agreement, the parties agreed to jointly recommend a sentence of 144 months' imprisonment. (ECF No. 100 ¶ 5.)

Mr. Vaughan was found to be a career offender. (ECF No. 106 ¶ 28.) Mr. Vaughn's advisory Sentencing Guideline range was 168-210 months' imprisonment. (ECF No. 106 ¶ 86.) At sentencing, the Court granted Mr. Vaughn's and the Government's motions for a variance, (ECF Nos. 109, 116), and sentenced Mr. Vaughn to 144 months' imprisonment. (ECF No. 119, at 1–2.)

## II. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

2

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Mr. Vaughn contends that counsel performed deficiently by failing to challenge his designation as a career offender. The relevant Sentencing Guidelines provision provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a). The Sentencing Guidelines further define the terms "crime of violence" and "controlled substance offense" as follows:

> **(a) Crime of Violence.**--The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(2)** is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> **(b) Controlled Substance Offense.**--The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> **(1)** prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or
>
> **(2)** is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

U.S.S.G. § 4B1.2(a)–(b).

In Claim One (a), Mr. Vaughn contends that his conviction on Count One, conspiracy to possess with intent to distribute and distribution of a mixture and substance containing detectable

3

amounts of heroin, does not constitute a controlled substance offense under U.S.S.G. § 4B1.1(a)(2). Mr. Vaughn correctly notes that in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that the offense of conspiracy to distribute in 21 U.S.C. § 846 "does not qualify as a 'controlled substance offense' under the Guidelines." (ECF No. 129-2, at 20 (citing *Norman*, 935 F.3d at 237).) Nevertheless, Mr. Vaughn's conviction on Count Two, for distribution of a mixture and substance containing detectable amounts of heroin, does qualify as controlled substance offense for purposes of the career offender guidelines. *See United States v. Groves*, 65 F.4th 166, 174 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 336 (2023). Accordingly, counsel reasonably eschewed the objection Mr. Vaughn advances here because it could not have altered the conclusion that Mr. Vaughn was properly designated as a career offender. Claim One (a) will be DISMISSED because Mr. Vaughn fails to demonstrate counsel performed deficiently or that he was prejudiced.

Next, in Claim One (b), Mr. Vaughn contends that his 2012 Virginia conviction for malicious wounding, in violation of section 18.2-51 of the Virginia Code, does not constitute a predicate crime of violence.[2] The Fourth Circuit has rejected this argument and concluded that the Virginia crimes of malicious wounding, and the lesser included offense of unlawful wounding, constitute crimes of violence. *See United States v. James*, 718 F. App'x 201, 204,

---

[2] The relevant statute provides:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51 (West 2024).

206 (4th Cir. 2018) (concluding § 18.2-51 is categorically a crime of violence under the force clause of the U.S.S.G. § 4B1.2(a)); *see also United States v. Jenkins*, 719 F. App'x 241, 246 (4th Cir. 2018) ("[W]e conclude that the minimum conduct necessary to sustain a conviction for unlawful wounding requires the attempted or threatened use of physical force . . . ."). Claim One (b) will be DISMISSED because Mr. Vaughn fails to demonstrate counsel performed deficiently or that he was prejudiced.

Finally, in Claim Two, Mr. Vaughn contends his multiple Virginia convictions for distribution of heroin, (ECF No. 106 ¶¶ 38, 41, 42), fail to qualify as predicate controlled substance offenses because "[t]he definition of 'controlled substance offense' in Virginia Code § 18.2-248 is broader than the generic definition under the Federal Sentencing Guidelines." (ECF No. 129-2, at 22.) Mr. Vaughn is incorrect. The Fourth Circuit has concluded that "convictions under Virginia Code § 18.2-248 categorically qualify under the ordinary meaning of 'controlled substance offense' in § 4B1.2(b)." *United States v. Ward*, 972 F.3d 364, 374 (4th Cir. 2020).[3] Claim Two will be DISMISSED because Mr. Vaughn fails to demonstrate that counsel performed deficiently or that he was prejudiced.

---

[3] The appellant in *Ward*, like Mr. Vaughn, argued that "because Virginia law prohibits a broader set of substances than federal law, Virginia Code § 18.2-248 is overbroad and fails to categorically qualify as a 'controlled substance offense.'" *Ward*, 972 F.3d at 372 (citing *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015)).

### III. Conclusion

Mr. Vaughn's claims and the action will be DISMISSED. The § 2255 Motions, (ECF Nos. 127, 129), will be DENIED. A certificate of appealability will be DENIED[4].

An appropriate Order shall accompany this Memorandum Opinion.

Date: 9/23/2024  
Richmond, Virginia

/s/ M. Hannah Lauck  
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Vaughn has not satisfied this standard.

6